UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:07-cr-288-2 |
| Plaintiff-Respondent, | |
| v. | HONORABLE PAUL L. MALONEY |
| | Chief United States District Judge |
| TIMOTHY JOHN MIEROP, | |
| Defendant-Petitioner. | |

**OPINION and ORDER**

**Dismissing the 28 U.S.C. § 2255 Motion as Barred by Written Plea-Agreement Waiver**

In December 2007, a federal grand jury in the Western District of Michigan issued a nine-count indictment against David Bryant McCorkle and Timothy John Mierop, charging them with crimes related to their admitted photographing of nude minor girls of a very young age in McCorkle's residence in Ohio. In April 2008, this court denied Mierop and McCorkle's joint motion to suppress physical evidence, and Mierop entered into a written plea agreement and pled guilty in this court on May 1, 2008. With zero criminal history points and an adjusted offense level of 44, Mierop faced a Guideline recommended range which was capped by the statutory maximum of 30 years. By judgment pronounced orally on August 18, 2008 and memorialized on August 19, 2008, this court sentenced Mierop to 360 months in prison, followed by lifetime supervised release. Mierop filed a notice of appeal more than nine months later, on June 1, 2009, and the U.S. Court of Appeals for the Sixth Circuit dismissed the appeal as untimely.

Mierop hand-dated the instant section 2255 habeas petition October 31, 2009, and it was received for filing by this court on November 10, 2009. As ordered, the government filed a timely opposition brief on Tuesday, January 12, 2010. The government contends that Mierop's section 2255 motion is untimely under AEDPA, that Mierop waived his right to collaterally attack the conviction and sentence, and that his claims (ineffective assistance of trial counsel, improper denial of motion to suppress evidence, excessive sentence, and lack of jurisdiction) lack merit anyway.

The government sent its opposition brief to Mierop at his correctional facility in Virginia by regular first-class mail on Wednesday, January 13, 2010. Out of an abundance of caution, the court assumes *arguendo* that Mierop did not receive the brief until Tuesday, January 19. Mierop's fourteen days to file a reply brief began on Wednesday, January 20, *see* FED. R. CIV. P. 6(a)(1)(A) and *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation), and ran through all calendar days, including weekends and federal holidays, *see* FED. R. CIV. P. 6(a)(1)(B).[1]

The fourteenth day fell on Tuesday, February 2, 2010. Under the so-called prison mailbox rule, Mierop's reply would have been timely if he had submitted his reply brief to prison authorities on or before that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (Cook, J.) ("The defendants' focus on the court's date stamp overlooks the 'prison mailbox rule.' Under this relaxed

---

[1] "Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods." *Esch v. SSA*, No. 1:2009-cv-144, 2010 WL _____, *___ (W.D. Mich. Jan. 26, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608). A party now has fourteen days to file objections after being served with an R&R, instead of ten. *See Esch*, 2010 WL ____ at *___ (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)).

filing standard, a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.") (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending *Houston v. Lack*, 487 U.S. 266 (1988))).

Again for Mierop's benefit, the court assumes that if Mierop gave a reply brief to prison officials in Virginia on Tuesday, February 2, the prison would not mail it until two days later, Thursday, February 4. Mierop's prison (Petersburg, Virginia) is about 729 miles from our District's Clerk's Office in Kalamazoo, and 770 miles from our Clerk's Office in Grand Rapids, and less than 700 miles from our Clerk's Office in Lansing. Therefore, the court assumes that an envelope mailed from Petersburg FCI by first-class U.S. mail would take about three business days to reach us, i.e., it would arrive by close of business on Monday, February 8, 2010. That date has passed, so the court proceeds to the arguments advanced by the government's opposition, without waiting any longer for Mierop's reply. For the reasons that follow, the court will dismiss Mierop's section 2255 habeas petition as barred by his written plea agreement.

Mierop's written plea agreement called for the government to recommend dismissal of five charges against Mierop, in exchange for his plea of guilty to one count of producing images of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251. *Inter alia*, Mierop expressly waived the right to challenge his conviction and sentence, whether by direct appeal or by collateral attack through a habeas petition, except a challenge to the calculation of the applicable U.S. Sentencing Guidelines ("Guideline") recommended term of imprisonment. The agreement specifically mentioned motions filed pursuant to 28 U.S.C. § 2255, leaving no doubt that Mierop's waiver covers motions like this one. "Plea-agreement waivers of § 2255 rights are generally enforceable." *Short v. US*, 471 F.3d 686, 698 (6th Cir. 2006) (Siler, Gilman, Griffin) (citing *Davila*

*v. US*, 258 F.3d 448, 450 (6th Cir. 2001)). Our Circuit follows this policy of enforcing plea waivers of such rights even when the section 2255 collateral attack is based on alleged ineffective assistance of counsel, *see Jones v. US*, 120 F. App'x594, 596 (6th Cir.) (Martin, <u>Batchelder</u>, E.D. Mich. D.J. O'Meara) (citing *Davila*, 258 F.3d at451), *cert. denied*, 546 U.S. 955 (2005).

Moreover, to the extent that Mierop's petition alleges that his plea was not knowing, intelligent and voluntary (and thus that his plea waiver of section 2255 rights does not exist), he has waived that argument by failing to present it to the Sixth Circuit. In our Circuit, the "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Hampton v. US*, 191 F.3d 695, 698 (6th Cir. 1999). On direct appeal, Mierop's ineffective assistance of counsel claim did not involve the voluntariness (or alleged involuntariness) or his plea agreement and collateral-attack waiver. Thus, hearing Mierop's petition would contravene the well-settled principle that habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Hampton*, 191 F.3d at 698 (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947))). *Accord Jones v. Sussex I State Prison*, No. 07-6705, – F.3d –, 2010 WL 155251, *2 (4th Cir. Jan. 15, 2010); *Holman v. Florida*, No. 8:09-2041-T-30TBM, – F. Supp.2d –, 2010 WL 271458, *3 (M.D. Fla. Jan. 15, 2010) (citing *Lynn v. US*, 365 F.3d 1225, 1232 (11th Cir. 2004)).

Accordingly, the court must dismiss Mierop's section 2255 motion as barred by the valid waiver memorialized in his written plea agreement. *See Davila*, 258 F.3d at 452-53 ("We deny Davila's petition for relief. He effectively waived his right to bring a § 2255 petition when he entered into the plea agreement in consideration for a reduced sentence."); *Watson v. US*, 165 F.3d 486 (6th Cir. 1999); *Palmero v. US*, No. 96-3413, 101 F.3d 702, 1996 WL 678222, *2 (6th Cir. Nov.

21, 1996) ("Both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived. On the record before it, the district court did not err in finding the waiver to be knowingly and voluntarily made. The waiver is therefore sufficient to bar relief in this case.") (citations to 5th and 9th Circuits omitted); *US v. Tarver*, 2009 WL 536545, *5 (N.D. Ohio Mar. 3, 2009); *Hodge v. US*, 2008 WL 4980888, *10 (E.D. Tenn. Nov. 24, 2008) (Richard Alan Edgar, J.) ("Hodge does not claim nor does the record indicate that he did not knowingly, intelligently, and voluntarily waive his § 2255 rights. Accordingly, since [hi]s last two claims are not covered by any of the grounds reserved by him in the plea agreement, he has waived his right to bring this claim.").

**Alternately, the government contends that even if Mierop's petition were not waived by his plea agreement's waiver of collateral-attack rights, the petition is untimely.** The disposition above obviates the need to consider this alternative ground for dismissal. If the court considered the issue, the government's untimeliness defense could well fail.

### ORDER

Defendant Mierop's 28 U.S.C. § 2255 habeas corpus motion is **DISMISSED**.

A certificate of appealability **SHALL NOT** issue from this court.

**IT IS SO ORDERED this  10th  day of February 2010.**

/s/ Paul L. Maloney<br>
Honorable Paul L. Maloney<br>
Chief United States District Judge